IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>  v.<br><br>MOSLUOGLU, INC., d/b/a Empire Diner,<br>IHSAN GUNAYDIN and ENGIN GUNAYDIN,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin MOSLUOGLU, INC., a corporation, d/b/a Empire Diner, IHSAN GUNAYDIN, individually, and as a manager, owner, and corporate officer of the aforementioned corporations, and ENGIN GUNAYDIN, individually, and as a manager, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant MOSLUOGLU, INC., d/b/a Empire Diner, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 106

East Baltimore Avenue in Lansdowne, Pennsylvania. Defendant is engaged in a full-service restaurant business at the same address ("Empire Diner"), within the jurisdiction of this Court.

3. Defendant Ihsan Gunaydin is the President, Treasurer, and 100% owner of the corporation identified in Paragraph 2. Ihsan Gunaydin has directed employment practices at Empire Diner and has directly or indirectly acted in the interest of Mosluoglu, Inc. in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day. Ihsan Gunaydin understood the restaurant's tip pooling practice and had the authority to correct the violations of the Act that are at issue in this case.

4. Defendant Engin Gunaydin has acted as a manager of Empire Diner. Engin Gunaydin has directed employment practices and has directly or indirectly acted in the interest of Mosluoglu, Inc. in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing the weekly payroll, and supervising employees day-to-day. Engin Gunaydin understood the restaurant's tip pooling practice and had the authority to correct the violations of the Act that are at issue in this case.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. At Empire Diner, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce, including meat and produce. The enterprise's accounting firm, Gunaydin CPA Firm, PC, is located in Cherry Hill, New Jersey. At all relevant times, the enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Empire Diner are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing tipped employees, including servers, in an enterprise engaged in commerce or in the production of goods for commerce and compensating these tipped employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

8. During the time period from at least January 12, 2015 through at least January 14, 2018, Defendants paid servers $2.83 per hour and claimed a tip credit for the difference between the minimum wage of $7.25 per hour and the cash wage of $2.83 per hour. At the end of each shift, Defendants required the servers to pay approximately ten to fifteen percent of their tip money to Defendants. This money seized from servers' tips was retained, at least in part, by Defendants and was not used in furtherance of a valid tip pool.  Defendants therefore willfully violated Section 6 of the Act by intentionally seizing the servers' tip money and failing to pay servers the $7.25 per hour minimum wage required by the Act.  Defendants also misled the servers, and the Department of Labor, about how those seized funds were used.

9. Defendants violated the provisions of Sections 7 and 15(a) (2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods

for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, Defendants: 1) intentionally and improperly seized employee tips, invaliding any claim of a tip credit towards their overtime obligations; 2) failed to pay the proper overtime premium even assuming a valid tip credit was claimed; and 3) paid one or more kitchen staff employees straight time compensation for overtime hours worked.

10. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to keep records of the total compensation received by servers, including tips, and failed to accurately record the minimum straight time and overtime wages owed to tipped employees, in violation of 29 C.F.R. §§ 5.16.2, 516.5 and 516.6.

WHEREFORE, because having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a) (2) and 15(a) (5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and

former employees listed in the attached Schedule A for the period of January 12, 2015 through at least January 14, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 14, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

s/ Andrea Luby
Andrea Luby
Senior Trial Attorney
PA ID # 321609

Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5128
(215) 861-5162 (fax)
luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff