```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PATRICK PIZZELLA,              :   CIVIL ACTION
                               :   NO. 18-4663
       Plaintiff,              :
                               :
   v.                          :
                               :
MOSLUOGLU, INC., et al.,       :
                               :
       Defendants.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          NOVEMBER 7, 2022

## I.  INTRODUCTION & BACKGROUND

On August 18, 2022, the Court entered judgment in favor of Plaintiff, the Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Government"), and against Defendants Mosluoglu, Inc., d/b/a Empire Diner ("Empire Diner" or "the Diner"), Ihsan Gunaydin and Engin Gunaydin (collectively "Defendants") after a five-day bench trial. The Court awarded Plaintiff $1,351,253.34, consisting of $675,626.67 in back wages and an equal amount in liquidated damages, and enjoined Defendants from committing future violations of 29 U.S.C. §§ 206 and 207. See Aug. 18, 2022 Order, ECF No. 100. On September 15, 2022, Defendants filed a Motion to Amend the Court's Findings,

for a New Trial, and/or for Relief from Judgment.[1] See Defs.' Mot., ECF No. 103.

Empire Diner is a 24-hour restaurant in Lansdowne, Pennsylvania, that employs, inter alia, servers, kitchen workers, bussers, and cashiers. Ihsan Gunaydin ("Ihsan") was the owner of Empire Diner, and Engin Gunaydin ("Engin") worked as a manager of the diner. On August 10, 2017, a Wage and Hour ("WH") investigation began at Empire Diner and continued until May 3, 2018.

On October 30, 2018, Plaintiff filed a complaint alleging that Defendants violated the FLSA and seeking injunctive relief and a judgment against Defendants consisting of back wages and liquidated damages. After the Court denied Defendants' motion for summary judgment in full and Plaintiff's motion for summary judgment in part, the Court held a bench trial on the five issues that remained in the case after summary judgment. The August 18, 2022 Order includes the Court's findings of fact in more detail. See Aug. 18, 2022 Order, ECF No. 100.

On September 15, 2022, Defendants filed their post-trial motion to amend the trial court's findings pursuant to Federal

---

[1] Defendants filed a notice of appeal on September 16, 2022. See Notice of Appeal, ECF No. 103. The Third Circuit entered an order staying the appeal pending disposition of Defendants' Motion at issue. See USCA Order, ECF No. 106.

Rule of Civil Procedure 52(b), for a new trial pursuant to Rule 59(a)(1)(B), and/or for relief from judgment pursuant to Rule 60. See Defs.' Mot., ECF No. 103. For the reasons outlined below, Defendants' motion will be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The purpose of this type of motion, often referred to as a motion for reconsideration, is to allow the Court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence. Easley v. Cromartie, 532 U.S. 234, 242 (2001).

Federal Rule of Civil Procedure 59(a)(1)(B) provides that a court may grant a new bench trial "for any reason which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Neither Rule 52 nor Rule 59 are intended to allow the parties a "second bite at the apple." See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or

3

excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances" that justify reopening the judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). The extraordinary circumstance requirement "exists in order to balance the broad language of Rule 60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the interest in the finality of judgments." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (citing In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) and Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

**III. DISCUSSION**

Defendants' arguments pursuant to Federal Rule of Civil Procedure 52, 59 and 60 are addressed below.

   A. **Defendant Engin Gunaydin is an Employer Under the Fair Labor Standards Act**

Defendants contend that the Court committed error in finding that Defendant Engin is an employer under the Fair Labor Standards Act ("FLSA"). The Third Circuit has recognized that the FLSA's definition of "employer" is "the broadest definition that has ever been included in any one act." In re Enterprise

Rent-A-Car Wage & Hour Emp. Pracs. Litig., 683 F.3d 462, 467-68 (3d Cir. 2012) (quoting United States v. Rosenwasser, 323 U.S. 360, 363 n.3 (1945)). "[S]ignificant control" is sufficient to establish employer status; ultimate control is not required. Id. at 468.

In their motion, as at trial, Defendants argue that Engin was not the final decision maker or owner of Empire Diner, and thus is not an employer. After carefully considering the evidence presented at trial, the Court previously found that Engin was significantly involved in hiring, firing, and making decisions about day-to-day activities; had control over employee records; and set work policies and assignments. See Order 12-13, ECF No. 100. As such, the Court has considered the "ultimate decision-maker" argument put forth by Defendants and has found it unsuccessful. Defendants cannot establish that a mistake has been committed or that there has been some misunderstanding by the Court regarding this decision. Thus, Defendants' motion will be denied on these grounds.

B. **Defendants Actions Were Willful**

Defendants argue that the Court erred in finding that Defendants' violations of the FLSA were willful. Generally, the statute of limitations for minimum wage and overtime violations under the FLSA is two years. See 29 U.S.C. § 255(a). However, if an employer violated the FLSA willfully, the statutory period is

5

extended to three years. See id. A violation of the FLSA is considered willful where the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the legality of the conduct. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 135 (1998).

The Court's conclusion that Defendant Ihsan acted with "at the very least, a reckless disregard for the FLSA's minimum wage and recordkeeping requirements" because he knew that servers were required to make $7.25 per hour and used a "guestimate" of $7.63 per hour to give the impression that servers made above the minimum wage is supported by the evidence and case law. See Order 14-15, ECF 100. Although Defendants contend that the Court did not give weight to the evidence of the prior Wage and Hour investigation from 1999, the Court specifically addressed the 1999 investigation in its Order and correctly concluded that the evidence presented by Defendants was insufficient to allow the Court to consider the investigation. See id. at 15 n.5. Finally, the Court properly concluded that Defendants interfered with the Wage and Hour investigation by telling employees to lie about the number of bussers, overtime work, cash payments and charges for broken dishes. The Court also properly concluded that Defendants are liable for back wages for a three-year period based on the parties' tolling agreement and continuing violations. Because Defendants revisit the same arguments this

6

Court has already considered and found to be without merit, Defendants' motion will be denied on this ground.

### C. Back Wage Damages Were Appropriate

Defendants argue that the Court failed to consider evidence showing that any back wage damages were far lower than the figures presented by the Government. However, the Court properly concluded that Defendants are liable for back wages based on the parties' tolling agreement and continuing violations. Because Defendants simply rehash their arguments and have not shown that the Court overlooked any evidence or legal precedent to support its arguments that the Court made an error of law, Defendants' motion will be denied on this ground.

### D. Liquidated Damages Were Properly Awarded

Defendants argue that the Court failed to consider evidence regarding Defendants' good faith and reasonableness in finding that liquidated damages were appropriate because they acted in good faith and had reasonable grounds for believing that they were not committing any FLSA violations. Liquidated damages are mandatory if there is a finding of willfulness. See Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991).

The Court found that Defendants professed ignorance and reliance on CPAs and payroll companies was insufficient to show that they had "an honest intention to ascertain and follow the

7

dictates of the [FLSA]." See Order 21, ECF No. 100 (quoting Marshall v. Brunner, 668 F.2d 748, 753 (3d Cir. 1982)). Additionally, the Court specifically addressed Defendants' arguments that they acted in good faith because they were "reasonably relying upon the prior DOL violation." As the Court previously found, Defendants failed to show that they "took affirmative steps to ascertain the Act's requirements" to meet their burden of establishing good faith. Martin, 940 F.2d at 908. Thus, Defendants' motion will be denied on this ground.

### E. Injunctive Relief Was Properly Granted

Defendants argue that the Court's findings should be amended because the Court failed to consider or give appropriate weight to evidence that any subsequent violations were accidental, or *de minimis*, and that Defendants have demonstrated their honest efforts to comply with the FLSA. There is no dispute that Defendants continued to violate the FLSA after the investigation concluded.

The FLSA authorizes district courts to issue injunctive relief "restrain[ing] violations" of sections 206 and 207 upon a showing of cause. See 29 U.S.C. § 217. In this context, courts consider the following in deciding whether to grant an injunction: "(1) 'the employer's past conduct'; (2) the employer's 'current conduct'; and (3) 'most importantly, whether the employer can be counted on to comply with the FLSA in the

8

future.'" Acosta v. Osaka Japan Rest., Inc., No. 17-1018, 2018 WL 3397337, at *17 (E.D. Pa. July 12, 2018) (quoting Acosta v. Cent. Laundry Inc., No. 15-1502, 2018 WL 1726613, at *10 (E.D. Pa. Apr. 10, 2018), aff'd in part, rev'd in part on other grounds, 790 F. App'x 368 (3d Cir. 2019)).

Defendants have already raised the argument that damages from continuing violations are insufficient to warrant injunctive relief. The Court considered the argument and dismissed it because Defendants willfully violated the FLSA, interfered in the WH investigation in attempt to cover up their violations, and Defendants continued to violate the overtime and minimum wage requirements of the FLSA even after the final meeting with the WH Investigator. In their brief, Defendants argue that they now provide tip credit notice to their employees and keep records of tips. However, these acts have long been requirements under the FLSA, and thus Defendants' motion will be denied on this ground.

### F. Motions for Summary Judgment Were Properly Decided

First, Defendants argue that because the Court granted the Government's Partial Motion for Summary Judgment in part that, in turn, the Court failed to consider evidence at trial tending to show that Defendants did not violate the FLSA's overtime and recordkeeping requirements. Second, Defendants argue that because Defendants' Motion for Summary Judgment was denied, the

9

Court erred at trial by permitting evidence in support of the Government's contention that Defendant Engin was an employer, that the back pay damages period be three years rather than two, that liquidated damages and injunctive relief were warranted, and failing to consider evidence tending to show that there were no violations of Sections 6 or 7 of the FLSA. However, the purpose of a motion for reconsideration, which is essentially what Defendants seek, is not to relitigate the issues. It is clear that Defendants disagree with the Court's decision, but the fact that the Court came to a different conclusion than they desired is not sufficient reason to grant Defendants' motion.

**V. CONCLUSION**

In conclusion, Defendants seek to relitigate already decided issues, pointing to little factual or legal support for their argument that the Court's prior findings warrant amendment, a new trial, or relief from judgment. Because there are no plausible arguments in Defendants' motion that would bring the case within the scope of any of the bases for relief enumerated in the Federal Rules, Defendants' motion will be denied.

An appropriate order follows.